**GULF STATES MANUFACTURING, INC., Petitioner Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner.**

**No. 82–4182.**

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1983.

James F. Smith, Richard O. Brown, Atlanta, Ga., Larry Bridgesmith, Nashville, Tenn., for petitioner cross-respondent.

Elliott Moore, Deputy Assoc. Gen. Counsel, Helen L. Morgan, NLRB, Washington, D.C., for respondent cross-petitioner.

---

Before RANDALL and HIGGINBOT-HAM, Circuit Judges, and BUCHMEYER *, District Judge.

PER CURIAM:

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.

In its petition for rehearing and suggestion for rehearing en banc, petitioner complains of that portion of this court's order denying enforcement of the National Labor Relations Board's back pay remedy resulting from petitioner's refusal to bargain and remanding the matter to the Board "to determine whether and by how much bargaining would have delayed the layoffs." *Gulf States Manufacturing, Inc. v. NLRB,* 704 F.2d 1390, 1401 (5th Cir.1983). The petitioner argues that this order invites the Board to grant a back pay award based upon an assumption as to the outcome of bargaining in violation of the principles announced by the Supreme Court in *H.K. Porter Co. v. NLRB,* 397 U.S. 99, 90 S.Ct. 821, 25 L.Ed.2d 146 (1970), and by this court in *Winn-Dixie Stores, Inc. v. NLRB,* 567 F.2d 1343 (5th Cir.1978).

The petitioner misconstrues our opinion. Our order that the Board "determine whether and by how much bargaining would have delayed the layoffs," was not directed at whether the *results* of bargaining would have affected the layoffs, but rather whether the *fact* of bargaining would have affected the layoffs. In its original opinion, the Board stated that it was ordering back pay because "the employees laid off clearly would have been employed until completion of the bargain-

ing." 1 Record at 402–03. We remanded the case to the Board merely to determine whether, in light of the evidence concerning the employer's economic condition, the layoffs would have been delayed during the bargaining period and, if so, by how much.

Our order in no way intimates that the Board should consider whether the parties would have come to some agreement concerning the layoffs. Such an order, as petitioner correctly points out in its petitions for rehearing, would violate the prohibition against imposing contract terms upon either employers or unions. "[T]he Board cannot fashion remedies on the basis of an assumption as to what the parties would have agreed to absent an employer's failure to bargain in good faith." *Winn-Dixie,* 567 F.2d at 1351. *See also H.K. Porter Co. v. NLRB, supra* (the Board is without power to compel a company or a union to agree to any substantive contractual provision of a collective-bargaining agreement). A "make-whole" remedy of this nature may only be ordered upon a finding that the employer has clearly and flagrantly violated its duty to bargain. *International Union of Electrical Radio and Machine Workers, AFL–CIO v. NLRB (Tiidee Products),* 426 F.2d 1243 (D.C.Cir.1970); *United Steel Workers of America v. NLRB (Metco, Inc.),* 496 F.2d 1342 (5th Cir.1970) (dictum). Such a remedy would not be warranted on the findings of this case and our order contemplates no such remedy.

---

* District Judge of the Northern District of Texas, sitting by designation.